THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDUARDO MELÉNDEZ REYES, Defendant and Appellant.

No. 10712. Argued March 6, 1945.—Decided April 12, 1945.

---

786

*William Luyando Charneco* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The appellant was convicted of two offenses of grand larceny and the only error assigned in this appeal is that in both informations the indispensable element of the offense charged was not alleged, that is, the criminal intention of depriving the owner "absolutely and permanently" of the property stolen. The informations were filed against the appellant and another defendant, and in its pertinent part one of them alleges that the defendants "illegally, wilfully, and maliciously, with the criminal intent to commit larceny and deprive the owner of the lawful possession thereof, stole from the residence of Mrs. Carmen Colón Clinchard, an automobile of the Buick make, worth $1,000, belonging to and the property of Lt. Carlos E. Lugo, the defendants having then and there the intention of appropriating said automobile to their own use, which they did."

The other information is substantially the same except that it charges the taking of another automobile at a different time. Even though the appellant herein upon being arraigned pleaded not guilty and moved for a trial by jury, on the day set for the trial he waived said trial, and sought a trial by the court without a jury, and upon the same being granted, he pleaded guilty in both cases.

The first error assigned lacks merit. It is true that in *People* v. *Acevedo*, 43 P.R.R. 325, cited by the appellant, the first headnote reads thus: "The criminal intent to deprive the owner permanently of his property is an essential element of the crime of larceny"; but upon an examination of the opinion as a whole nothing can be found therein to justify the conclusion reached by the appellant to the effect that it is an indispensable requisite to use the word "permanently" in the complaint or information in order to sufficiently charge the offense of larceny. On the other hand,

after analyzing the complaint and citing § 426 of the Penal Code [1] and the decisions of California wherein § 484, equivalent to our § 426, is construed, it was stated in said case at p. 329:

"Let us examine now the complaint herein in the light of the law and the jurisprudence cited. It is alleged in the complaint that the defendant 'unlawfully, wilfully and maliciously stole (*sustrajo*) . . . a chicken . . . valued at $3 which he traded . . . thus depriving the complainant, the legitimate owner thereof, of his property.'

"The word 'wilfully,' when applied to the intent with which an act is done, implies a purpose or willingness to commit the act, and the term 'maliciously' imports 'the doing of a wrongful act, intentionally, without just cause or excuse, a conscious violation of the law to the prejudice of another.' (Sec. 559, Penal Code.) 'Unlawfully' means what is contrary to the law, and the Spanish word '*sustrajo*' has the same meaning as the English term 'steal.' In the Dictionary of the Spanish Language by the Spanish Academy we find 'substraer . . . 2. To steal, to rob fraudulently . . . . .'

"That being so, a stealing, that is, a larceny has been wilfully committed in violation of the law (which is section 426 of the Penal Code), with the conscious intent to act wrongfully, intentionally, and without just cause or excuse. If to this we add that the complaint further avers that defendant traded the stolen chicken, thus depriving the owner, the complainant, of his property, it must be concluded that the failure to allege expressly the 'felonious' taking (*intención criminal*) as required by the statute, was cured by the use of other words which imply that the act charged was committed with criminal intent."

The informations in the case at bar are more complete than the complaint in the *Acevedo* case, *supra,* inasmuch as in the former it is alleged that the defendants "illegally, wilfully, and maliciously, with the criminal intent to commit larceny and deprive the owner of the lawful possession thereof, stole . . . an automobile . . . belonging to Lt. Car-

[1] "§ 426. (484 Cal.) LARCENY, DEFINED. Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."

los E. Lugo, the defendants having . . . the intention of appropriating said automobile for themselves as they did.''

In *People* v. *Arroyo*, 29 P.R.R. 584, which confirmed the decision rendered by this court in 1903, in *People* v. *Martínez*, 5 P.R.R. 22 (2d ed.), it was held that when it is alleged in the complaint—following the words of the statute —that the defendant feloniously stole property belonging to another person, the same is sufficient.

The felonious intent to deprive the owner permanently of the property stolen is an element of the crime of larceny which, though it should be proved, need not be proved by positive and direct evidence but, like every element which depends on the criminal intent, may be inferred from the sorrounding circumstances. As stated in 32 American Jurisprudence 1048, § 137: ''The felonious intent need not be proved by positive testimony, but may be inferred from circumstances. The wrongful taking of another's property without his consent and with no apparent purpose of returning it is, in the absence of explanatory circumstances, evidence of an intent to deprive the owner wholly of his property; but an intention to return may be shown by other evidence.''

Since the informations in these cases sufficiently allege the crimes charged, the only error assigned was not committed, and consequently the judgments appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.